## County of Dodge v. Charles Kemnitz.

[Filed December 17, 1889.]

Bastardy: Death of Complainant: Revivor. L. M., an unmarried woman, having made complaint, under the statute relating to illegitimate children, before a justice of the peace against C. K., who was arrested and brought before said justice; and she having been examined before said justice and her examination taken down in writing, after the birth of her illegitimate child; and said L. M. having died; the action was revived in the district court in the name of the county as plaintiff. Upon the trial the plaintiff offered in evidence the examination of L. M. before the justice, which was rejected. Held, Error.

Error to the district court for Dodge county. Tried below before Marshall, J.

Geo. L. Loomis, and C. Hollenbeck, for plaintiff in error:

The testimony of deceased witnesses at a former trial may be proved at a subsequent one. (Barnett v. People, 54 Ill., 325; People v. Diaz, 6 Cal., 248; Commonwealth v. Richards, 18 Pick. [Mass.], 435; State v. Mc O'Blenis, 24 Mo., 402; Hair v. State, 16 Neb., 602; Summons v. State, 5 Ohio St., 325; Rhine v. Robinson, 27 Pa. St., 30; U. S. v. McComb, 5 McLean [U. S.], 287; 1 Wharton, Crim. Law [7th Ed.], sec. 667.) Altschuler v. Algaza, 16 Neb., 631, and Baxter v. Township, 16 Ohio, 56, are not in point. The testimony before the justice became primary evidence when the witness died.

Frick & Dolezal, for defendant in error:

Ch. 37, Comp. Stats., is taken from the Ohio statute and is to be interpreted according to the holding in Hamm v. Wickline, 26 Ohio St., 81, and Baxter v. Columbia Township, 16 Ohio, 57. Under this act, if the woman's testimony is to be used to sustain a verdict, she must testify

twice so that comparison may be made. As the statute makes no exception in this requirement, the courts can make none. (*Bosely v. Mattingly*, 14 B. Mon. [Ky.], 89; *Coffin v. Rich*, 45 Me., 507; *Kilpatrick v. Byrne*, 25 Miss., 571; *Bidwell v. Whitaker*, 1 Mich., 469; *Bradbury v. Wagenhorst*, 54 Pa. St., 180.) The testimony before the justice was not original evidence. (*Altschuler v. Algaza*, 16 Neb., 633.)

COBB, J.

Lena Martin, an unmarried woman, made complaint, under the statute entitled "illegitimate children," before a justice of the peace of Dodge county, against Charles Kemnitz, and upon his arrest and being brought before the justice she was examined under oath respecting the cause of her complaint. The accused was allowed to ask her any questions he thought proper, all of which examination, questions, and answers were reduced to writing by the justice, who upon consideration thereof required the said accused to enter into a recognizance in the sum of $500 with good and sufficient security, for his appearance at the next succeeding term of the district court in and for said county, to answer said accusation, etc., which was given.

At the next succeeding term of said district court the county of Dodge, by its attorney, appeared, and filed the affidavit of George L. Loomis, county attorney, setting forth, amongst other things, that subsequent to the examination of the said Lena Martin by the said justice of the peace as above set forth, and the entering into recognizance by the said Charles Kemnitz as above stated, the said Lena Martin gave birth to a bastard child, of which she was pregnant at the time of said examination and of which it is charged that the said Charles Kemnitz is the father ; that subsequent to the birth of said child and on or about the —— day of September, 1888, the plaintiff, Lena Martin, died ; that said bastard child was then living at and within the county of

15

Dodge and might become a county charge, etc., and upon the said affidavit and the papers returned in said cause by the said justice of the peace, the said county moved to be substituted in the place of the said Lena Martin in said action, and for leave to take up and prosecute the said action. And thereupon the attorney of Dodge county, George L. Loomis, appeared in open court and suggested the death of Lena Martin, the plaintiff in said action, and moved that the action be revived in the name of the county of Dodge as plaintiff, which .latter motion was on the 6th day of February, 1889, by the said court allowed and the action revived in the name of the county of Dodge.

The cause was tried to a jury, with a verdict and judgment for the defendant.

The cause is brought to this court on error by the plaintiff, which assigns several errors; but which it is not deemed necessary to set out in detail.

It appears by the bill of exceptions, that upon the trial the plaintiff called Charles Inches as a witness on his behalf, who testified that he resided at Scribner; that he was by profession a doctor of medicine; that he was called upon some time in the then last September to attend one Lena Martin; that he called on her on the 3d day of said month of September; that she was then living about a mile and a half from Snyder, at her father's; that he found her in child-bed. She gave birth to a child in the course of an hour; the child was born alive. The mother, Lena Martin, died, witness believed, on the 23d day of said month.

Mary Martin was called as a witness on the part of the plaintiff, and testified that she resided in Snyder, Dodge county; that she was a sister of Lena Martin; that Lena Martin was an unmarried woman; never had been married; that she died September 19, 1888. She gave birth to a child September 3, 1888.

S. F. Moore was called as a witness by the plaintiff, and testified that he was a justice of the peace; that he knew

nothing of Lena Martin except that she came before him to make a complaint; that her evidence was taken in writing; that witness took it; that a paper that was handed to witness and was made a part of the bill of exceptions is the evidence which witness took down ; that the defendant was present with attorneys.

Thereupon plaintiff offered in evidence the testimony of Lena Martin, the plaintiff, then deceased, as given under oath before said witness Moore, as justice of the peace, and taken down, returned, and certified by him as such, as required by law.    To which the defendant objected and the objection was sustained by the court and the evidence excluded.    And thereupon the court gave the following instruction to the jury :  " You are instructed to find a verdict for the defendant, there being no evidence to sustain a verdict for the plaintiff."

Section 2 of chapter 37, Comp. Stats., provides that the county commissioners, in all cases where a woman has a bastard child and neglects to bring a suit for its maintenance, or brings a suit and fails to prosecute to final judgment, and where sufficient security is not offered to save the county from expense, may bring a suit in behalf of the county against him who is accused of begetting such child, or may take up and prosecute a suit begun by the mother of the child.    This provision doubtless gave the district court ample authority for its proceeding in reviving the suit in the name of the county as plaintiff. The county authorities as overseers of the poor have in most or all of the states always been recognized as the proper parties to conduct proceedings under the bastardy act, where for any cause the mother fails to prosecute. The statute, however, is silent as to the procedure in such cases.    It is therefore of necessity the duty of a court to frame its procedure in each case according to its peculiar necessities, to the end that there shall not be a failure of justice, and assuring to the accused as much consideration

for his natural and constitutional rights as possible consistent with the interest and safety of the public.

Section 5 of the act provides for a jury trial in all cases where the accused shall plead not guilty to the charge in the court to which he is recognized. There does not appear to have been any plea in this case, the trial, doubtless, proceeded as though there was a plea of not guilty. The section expressly provides that the examination before the justice shall be given in evidence. Now this applies as well to cases brought or prosecuted by county authorities under the provisions of the second section as to those where the prosecution is commenced and carried on by the mother. While it is obvious from the language of the section that one purpose which the legislature had in providing that the examination of the complainant taken down by the justice should be read upon the trial was the protection of the accused against a false accusation made by an untruthful and perjured complainant, who as a rule is vacillating in a repetition of her charge, it was not the only purpose. In the second section the legislature recognized the probability of cases arising where mothers or prospective mothers of illegitimate children, having made complaint under the provisions of the first section, caused the arrest of the father and been examined in respect to the grounds of her complaint, will be induced to abandon such prosecution and fail voluntarily to follow it to the district court and there repeat their statement of the facts upon which it is founded. As we have seen, the law makes it the duty of the county authorities in such case to take up and prosecute such suit. In such case it would doubtless be the duty of such authorities to apply to the court for process to compel such recalcitrant complainant to appear and testify in such case. The examination before the justice would answer the purpose of discrediting her if through perjury her second examination was substantially different from her first, or of adding to the weight of her

testimony if consistent with it. Whether if in such case the county authorities, after exhausting the process of the court, be unable to procure the testimony of such complainant before the court — she being still alive — the examination taken before the justice would be sufficient evidence to sustain a verdict for the plaintiff, I do not decide; but that it would be admissible in evidence I do not doubt, nor deem it necessary to go beyond the fifth section of the act above referred to for authority therefor.

In the case at bar, the complaint having been duly made, the accused arrested and brought before the justice, the complainant examined and her examination taken down by the justice and returned to the district court, and the accused recognized to appear thereat, the complainant was removed by the hand of death. As in any case of the death of a sole party to an action, *pendente lite,* the action abated. Applying the provisions of sec. 458 of the Civil Code to those of section 2 of the act hereinbefore referred to, the court revived the action in the name of the county as plaintiff. The action being so revived, I see no escape from the conclusion that its trial, and every proceeding in it, must be governed, so far as possible, by the same provisions and rules of law as though it had never abated.

Amongst the other provisions governing such trial, I quote from sec. 5: "At the trial of such issue, the examination before the justice shall be given in evidence, and the mother of the bastard child shall be admitted as a competent witness, and her credibility be left to the jury." These provisions apply to the cause of action on the case of the plaintiff; but there is nothing in the language indicating a purpose on the part of its framer to make one part of the clause depend upon the other; in other words, to make the giving in evidence of the examination before the justice depend upon the admitting of the mother of the bastard child as a competent witness. These two instruments of evidence are treated independently of each other, though

in the same section and clause. In the case at bar one of them was at hand, ready to be presented to the consideration of the jury should it have been withheld from them, because by the act of God the presentation of the other had been rendered impossible.

The said section also contains the following clause: "On the trial of the issue the jury shall, in behalf of the man accused, take into consideration any want of credibility in the mother of the bastard child; also any variations in her testimony before the justice and that before the jury," etc. Counsel for defendant in error argued at the bar and in the brief that under this provision the presence and testimony of the plaintiff mother in person before the jury was an indispensable condition to the giving in evidence of the examination taken before the justice. And it cannot be denied that there is the best of authority for this proposition. The chapter of our statutes above referred to was taken almost literally from the statutes of Ohio in force in 1847; in that year the case of *Baxter v. Columbia Township*, 16 Ohio, 56, was decided by the supreme court of that state. The facts of that case were substantially parallel in all material respects to the case at bar. It was there held that the presence and testimony of the woman upon the trial were indispensable, except in the case of a confession in open court, and that the right given by the statute could not otherwise be secured.

While I accord to the above case all the elements of an authority I do not think that it ought to be followed. If it is good law, then the second section of the act is utterly nugatory, and the favorite maxim of the law, "There is no wrong without a remedy," ought to be expunged.

Proceedings under the act in question are to some extent special proceeding, yet the general rules of evidence must be held to apply to them. Among these rules one of universal application is that which requires the best evidence attainable to be given of any controverted fact. The cor-

ollary of this rule is, that the best evidence of a material fact on trial is always admissible unless rendered inadmissible by positive statute.   Under this rule we held in Hair's case, 16 Neb., 601, that "Where a deceased witness testified upon a former trial of the same party for the same offense, being brought face to face with the accused and cross-examined by him, it is competent, upon a subsequent trial, to prove the testimony of such deceased witness," etc.   It was also held that such evidence might be proved by the court reporter; and under the same rule it must be held that the examination of Lena Martin, taken before the justice, she being deceased, was admissible upon the trial in the district court, independent of the provisions of the statute.   And yet I desire to put this opinion squarely upon the construction of the statute, upon which I reach the conclusion that the district court erred in rejecting the evidence and in directing a verdict for the defendant.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.