COUNTY OF DODGE v. CHARLES KEMNITZ.

[FILED JUNE 30, 1891.]

1. **Bastardy:** FORM OF JUDGMENT. In a bastardy case, where the jury return a verdict of guilty against the defendant, it is ordinarily the duty of the court to charge him with such sum or sums, for the maintenance of the child, as it shall deem proper, and require him to give security to perform the order.

2. ———: DEATH OF THE MOTHER: CUSTODY OF CHILD. If the mother be dead the child may be placed in the care of the putative father, in which case no order for the payment of money will be necessary. The judgment, however, continues subject to modification during the minority of the child, and if the child is ill-treated by its father or those having its care, the court, upon the proper application, may make such further order as may be necessary for its maintenance and protection.

3. **Review.** There being no bill of exceptions, and error not affirmatively appearing, the judgment is affirmed.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*Geo. L. Loomis*, and *C. Hollenbeck*, for plaintiff in error, cited: *Cottrell v. State*, 9 Neb., 125; *Musser v. Stewart*, 21 O. St., 353; *Nixon v. Perry*, 3 S. E. Rep. [Ga.], 253; *People v. Kling*, 6 Barb. [N. Y.], 366.

*Frick & Dolezal*, contra, cited: *People v. Kling*, 6 Barb. [N. Y.], 363; *Nixon v. Perry*, 3 S. E. Rep. [Ga.], 253; 2 Am. & Eng. Ency. Law, 142.

MAXWELL, J.

This case was before this court in 1889, and is reported in 28 Neb., 224, the judgment being reversed.

On the second trial the jury found the defendant guilty, whereupon the court rendered judgment that he was the

putative father of the child and required him to give a good and sufficient bond to Dodge county in the sum of $1,000, "conditioned that he will save the county of Dodge free from all expense on account of the support of said bastard child," etc.

This bond has been given and approved, but the county contends there should have been a provision for the support of the child. Section 6, chapter 37, Compiled Statutes, provides "that in case the jury find the defendant guilty, or such accused person before the trial shall confess in court that the accusation is true, he shall be judged the reputed father of said child and shall stand charged with the maintenance thereof in such a sum or sums as the court may order and direct, with payment of costs of prosecution, and the court shall require the reputed father to give security to perform the aforesaid order; and in case the said reputed father shall neglect or refuse to give security as aforesaid, and pay the costs of prosecution, he shall be committed to the jail of the county, to remain till he shall comply with the order of the court."

The statute evidently was intended to require the father to provide suitable maintenance, considering his condition, for his own child, and ordinarily the judgment should be in that form. In this case, however, the mother is dead, and the care of the child may devolve on the father. (2 Am. & Eng. Ency. of Law, 142.) If the mother is dead the court should, as far as possible, provide for the safety and welfare of the child. While in such case the father may be trusted with its nurture and care, if he was not a suitable person or should by himself or others ill-treat the child during its minority, it would be the duty of the court to so modify the judgment that the amount due thereon for its support and maintenance should be paid to some person who would, in good faith, provide it with necessaries and a home.

The testimony in the case is not preserved in the record.

It may be, and probably is, a fact, that the defendant is providing for his child at his home.   If he is not he is lia- for its support.   The judgment, while nominally in favor of the county, is nevertheless for the support of the child, and is subject to further modification by the court as to its application.

Error does not affirmatively appear in the record and the judgment is

AFFIRMED.

THE other judges concur.