DODGE COUNTY V. CHARLES KEMNITZ.

FILED JANUARY 2, 1894.   No. 4391.

Bastardy: BOND FOR SUPPORT OF CHILD: JUDGMENT. When for the deceased mother of a bastard child the proper county has been substituted as complainant in proceedings under chapter 37, Compiled Statutes, the judgment and order of the court, upon a verdict of guilty, should require defendant to "give security to save the county harmless from any expense which may be incurred in the support of said child."

REHEARING of case reported in 32 Neb., 238.

*C. Hollenbeck* and *George L. Loomis,* for plaintiff in error.

*Frick & Dolezal, contra.*

MAXWELL, C. J.

This action was brought by Lena Martin against Kemnitz as the father of her bastard child. The mother died while the action was pending, and the county of Dodge was substituted as plaintiff on the trial. The defendant was found guilty. Upon error proceedings in this court this judgment was affirmed (32 Neb., 238). A motion for a rehearing was afterwards sustained, and there is upon such rehearing presented but one question for consideration, and that is the sufficiency of the bond required by the judgment of the district court. The condition of the bond prescribed was that the defendant "will save the county of

Dodge free from all expense on account of the support of said bastard child." COBB, J., delivering the opinion of this court on a former review of this case (28 Neb., 224), said that though the action had been revived in the name of Dodge county, every proceeding should be governed, so far as is required, by the same provisions and rules of law as though it had never abated.

Section 6, chapter 37, Compiled Statutes, provides "that in case the jury find the defendant guilty, or such accused person before the trial shall confess in court that the accusation is true, he shall be adjudged the reputed father of said child, and shall stand charged with the maintenance thereof in such a sum or sums as the court may order and direct, with payments of costs of prosecution, and the court shall require the reputed father to give security to perform the aforesaid order, and in case the said reputed father shall neglect or refuse to give security as aforesaid, and pay the costs of prosecution, he shall be committed to the jail of the county, to remain until he shall comply with the order of the court." Section 2 of the same chapter provides "that, when any woman has a bastard child and neglects to bring a suit for its maintenance, or commences a suit and fails to prosecute to final judgment, the county commissioner, in any county interested in the support of any such bastard child, where sufficient security is not offered to save the county from expense, may bring a suit in behalf of the county against him who is accused of begetting such child, or may take up and prosecute a suit begun by the mother of the child." It will thus be seen that the county may prosecute "when sufficient security is not offered to save the county from expense." If a sufficient bond is given to save the county from expense in caring for the child, the putative father will be entitled to his liberty. In the case at bar such bond seems to have been given. The judgment is therefore

AFFIRMED.